**W. E. DeSEAR et al., Appellants,**

v.

**HARDWARE DEALERS MUTUAL FIRE INSURANCE COMPANY, Appellee.**

No. 23309.

United States Court of Appeals Fifth Circuit.

July 19, 1967.

Rehearing Denied Aug. 30, 1967.

———◆———

David J. Kadyk, Charles W. Pittman, Tampa, Fla., Clyde C. Goebel, Bradenton, Fla., for appellants.

W. Robert Mann, Bradenton, Fla., for appellee.

Before BROWN, Chief Judge, and MARIS * and THORNBERRY, Circuit Judges.

* Of the Third Circuit, sitting by designation.

PER CURIAM:

Appellant here challenges a determination of the district court, sitting without a jury, that the coverage afforded by a private automobile liability insurance policy issued by appellee, Hardware Dealers Mutual Fire Insurance Company, did not extend to a 1954 Jeep truck owned by appellant. It is undisputed that the policy, under which appellant is the named insured, was in full force and effect on the date of the accident involving appellant's Jeep truck. Under the terms of the policy, coverage extends to damages arising out of the ownership, maintenance, or use of an "owned automobile." To qualify as an "owned automobile" within the terms of the policy, a vehicle must fall within one of three categories: it must be either (1) a private passenger or utility automobile specifically described in the policy declarations; (2) a private passenger or utility automobile that replaces an automobile described in the declarations; or (3) any additional private passenger or utility automobile acquired during the policy period, provided that the company insures all other private passenger or utility automobiles owned by the insured on the date of such acquisition. Finally, the policy defines "utility automobile" as "an automobile of the truck type with a load capacity of fifteen hundred pounds not used for business or commercial purposes other than farming."

In its findings of fact and conclusions of law, the district court determined that the load capacity of the 1954 Jeep truck was in excess of fifteen hundred pounds. It further found that the truck did not replace a vehicle described in the policy declarations and that on the date of its acquisition all other private passenger or utility automobiles owned by appellant were not insured under the policy. Rejecting appellant's contention that the company was estopped to assert such noncompliance with the policy provisions, the court ruled that the 1954 Jeep truck was not covered under the policy and

that no obligation therefore existed on the part of the company to defend any action brought against appellant as the result of an accident involving the Jeep truck.

A careful study of the entire record discloses ample evidence from which the district court, sitting as the trier of fact, could reasonably infer that appellant owned one or more uninsured vehicles on the date the Jeep truck was acquired. Under such circumstances, it would be improper for us to conclude that the district court's finding with respect to this critical issue was clearly erroneous. F.R.Civ.P. 52(a). Such finding inarguably supports the court's conclusion that the Jeep truck was not covered under the policy. This being the case, we therefore find it unnecessary to reach the remaining issues raised by appellant. Accordingly, the judgment of the district court is

Affirmed.